### Louis Zeigler

*v.*

# W. J. & J. H. Cox.

1. ATTACHMENT—*affidavit—fraud.* An affidavit for an attachment under the act of 1865 set forth that the defendants, "within two years prior to the filing of the original affidavit in this cause, fraudulently conveyed and fraudulently concealed their property and effects, so as to hinder and delay their creditors:" *Held,* that the affidavit was good on motion to quash, and that under it the plaintiff would be required to prove that the fraudulent acts were to his injury.

2. SAME—*variance.* The objection of a variance between the affidavit and writ must first be made in the court below, where the opposite party can have his right of amendment.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Mr. O. T. REEVES and Mr. J. McNULTA, for the appellant.

Mr. D. L. MURDOCK, for the appellees.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The court below quashed the writ of attachment, on account of the alleged insufficiency of the affidavit.

This is the only error assigned.

The proceedings in attachment were under the act of 1865, and were based upon the fraudulent conveyance and concealment of property, so as to hinder and delay creditors.

The portion of the affidavit deemed objectionable is as follows: "That said James H. and William J. Cox have, within two years prior to the filing of the original affidavit in this cause, fraudulently conveyed and fraudulently concealed their property and effects, so as to hinder and delay their creditors."

The objection taken to the affidavit is, that it does not specifically state that the fraudulent acts were to the injury of the particular attaching creditor.

The affidavit is in almost the exact language of the statute, and is clearly sufficient.   It charges the fraudulent conveyance and the fraudulent concealment of property within two years. Thus the act is distinctly set forth, and as having been done within the time named in the law.   It also plainly declares the effect of the act,—that it was to hinder and delay creditors.

But the legal effect of the language is, that this particular creditor was hindered and delayed.   When it is alleged that these debtors, by their fraudulent conduct, hindered and delayed *their* creditors, does not the language necessarily include the attaching creditor?   There can be no doubt about it.

Under such an affidavit, the law must be so construed as to require the plaintiff in the attachment to prove that the fraudulent acts resulted to his injury.

The question of variance, between the affidavit and writ, is not before us.   The objection must first be made in the circuit court, where the opposite party can have his right of amendment.

For the error in quashing the writ of attachment for the supposed defect in the affidavit, the judgment is reversed and the cause remanded.

*Judgment reversed.*