# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

THIRD DISTRICT—NOVEMBER TERM, 1888.

## EDSON KEITH & COMPANY
v.
## MARY L. McDONALD.

*Attachment—Gift—Concealment of Money—Fraud.*

1. The gift of a piano to a daughter will not sustain an attachment by a subsequent creditor.

2. The act complained of must be injurious to the attaching creditor, though it is sufficient if the affidavit charges, in the language of the statute, that it operated to delay and hinder creditors.

3. A denial by the debtor that he has money in his possession, although he has enough in hand to pay part of the claim of the creditor in question, which he subsequently pays to other creditors, does not amount to a fraudulent concealment or disposition of property within the meaning of the statute.

[Opinion filed February 21, 1889.]

APPEAL from the County Court of Mason County; the Hon. WILLIAM E. NELSON, Judge, presiding.

Mr. W. C. OUTTEN, for appellants.

When the facts and circumstances brand a transaction as fraudulent, the statement on oath of the party charged with the fraud, that such transfer was made in good faith, should avail but little. Reed v. Noxon, 48 Ill. 323; Strohm v. Hayes,

70 Ill. 41; Bell v. Devin, 96 Ill. 217; Thorne v. Crawford, 17 Ill. App. 395.

As money is simply "stamped coin," with a value fixed by authority, or some "substitute usually and lawfully employed in buying and selling as an equivalent of such coin," it would seem that no one would question the fact that it is "property."

If there should be such question, however, we would refer to Stahl v. Webster, 11 Ill. 511, where the court say, "The word 'property,' embraces money, debts and choses in action." That remark is made in reference to the attachment act.

In Powell v. Matthews, 10 Mo. 49, an attachment was sued out upon the ground, among others, that defendant had fraudulently concealed his property and effects so as to hinder and delay his creditors. The truth of the ground of attachment was put in issue. On the trial it appeared defendant had been furnished goods to sell, and make weekly account of sales and turn over the proceeds, and that he had made a considerable sale of goods for cash, and made no return of the proceeds. The lower court instructed the jury that "the concealment contemplated by the statute means secreting goods, and not concealment of circumstances, or misrepresentation of facts, and that this last mentioned conduct is no ground for issuing an attachment." The Supreme Court held this to be erroneous. The court say: "That instruction declares that the concealment referred to in the statute must be a concealment of goods, and not of facts and circumstances. This distinction we confess ourselves unable to appreciate. If the defendant had packed away in his cellar goods to the value of one thousand dollars, with a view to defraud his creditors and prevent them from collecting their debts, this is conceded to be a fraud within the meaning of the statute; but if he sells the same goods and puts the money in his pocket, with the same intent of cheating his creditors by the operation, it is regarded as a mere concealment of circumstances, we suppose, and therefore not such a concealment as is reached by the attachment law. The statute uses the phrase 'goods and effects.' The money for which the goods were sold by the defendant was as

capable of being concealed as the goods were, and the conceal-ment of the money is surely not less a fraud, because it was accompanied with a concealment and misrepresentation of facts and circumstances."

In the case at bar the appellee converted her goods into money, then received the money from her collector, and took it from the bank. How much· she may have collected and concealed prior to the 14th of June, 1888, we can not know, ·but we do know that she on that day received from her col-lector $14 or more, and from the bank $274.23, and that of this she had only paid out $60.55, so that, if she had no money before, she then had more than $227 in money, at the time she falsely stated to the representative of appellants that she had no money.

It would certainly be a very bad construction of the law for honesty and for the business interests of the community, for our courts to hold that it is fraudulent to conceal the goods, but if you convert them into money and not only conceal it, but in addition to concealing it, you falsely state that you have not got it, you are not guilty of any fraudulent concealing, and your property can not be attached on account of it, and you will be allowed to go on and convert all your property into money and conceal it in like manner, and your creditors will be helpless.

Messrs. J. C. HOSTETLER and I. D. WALKER, for appellee.

WALL, P. J.   The appellants sued out a writ of attachment against the appellee, on the 14th day of June, 1888, alleging an indebtedness of $854.79, and that the debtor had within two years fraudulently conveyed or assigned a part of her effects, so as to hinder or delay her creditors, and that she had within two years fraudulently concealed or disposed of her property, so as to hinder or delay her creditors.   The defend-ant, by sworn plea, traversed the facts stated in the affidavit, and the issue thus made was tried by the court, a jury being waived, and found for the defendant.

It is insisted the court erred in so finding and refusing to

hold the second proposition of law submitted by the plaintiffs, The first ground for the writ, as alleged in the affidavit, viz., fraudulent conveyance of property to the injury of creditors, was very clearly not supported by the proof.

This charge rested wholly upon the gift of a piano and some furniture by the defendant to her minor daughter, in October, 1887. It does not appear that there was any fraud in fact attending this gift, nor are the circumstances such as to make it fraudulent constructively.

The piano had been intended for the daughter when purchased, and a part of the furniture was bought with the money of the daughter—money that had been given her in small sums at various times. The gift was not unreasonable under all the circumstances. Moreover, it could not have been to the injury of these creditors as respects the debt now in suit, which debt was not contracted until several months thereafter.

The act complained of in the affidavit must be injurious to the attaching creditor, though it is sufficient if the affidavit charges, in the language of the statute, that it operated to delay and hinder creditors, without the particular specification of injury to the plaintiff, which is to be implied. Zeigler v. Cox, 63 Ill. 48.

The second charge of fraudulent concealment or disposition of property to the delay and hindrance of creditors, was predicated upon the defendant's refusal to pay the debt, and the denial that she had money with which to pay, which denial was untrue. The facts as to this part of the case are, in substance, that an attorney of the plaintiffs called on the defendant and requested payment of the account. The defendant, who was conducting a millinery establishment, said she had no money nor anything, except her stock and outstanding accounts, amounting to $500; that she would go out and collect some money and see him at the hotel at ten o'clock. She sent out an agent who collected some $14 or $15 only, and reported it to her.

She did not go to the hotel as she had promised, but went to the bank where she kept her account, and drew out her

Keith & Co. v. McDonald.

balance, amounting to about $275, and paid two small debts
due to local creditors, amounting to about $60, when she was
met or overtaken by the attorney, who had been following
her and observing her movements, and when he reminded
her that she had not called at the hotel and again urged pay-
ment, she told him she could not pay, because she had not
collected any money and had none.

He replied that he was advised she had money, when she
answered that she had no money, and could not pay him until
she got it. He thereupon swore out the writ. She pro-
ceeded to pay out about $112 more on her local indebtedness
before the writ was served.

This amounted to no more in effect than a refusal to pay
the money she had, being about one-third of the p'aintiff's
claims, and using the same for other purposes, coupled with
a denial in general terms that she had money. Had this
denial been omitted it can not be supposed that there was such
concealment or disposition of property, fraudulent and to the
injury of the creditor, as is intended by the statute. She had
the right to prefer one creditor to another, and so doing,
(while carrying on her business and not being about to yield
dominion of her property for the benefit of creditors) was not
fraudulent, nor in a legal sense was it such hindrance or delay
of creditors as might furnish ground for attachment by those
who were unpaid. Then, what legal significance is there in
her denial? She was not bound to tell the attorney how much
money she had. There were no such relations between them
as entitled him to a truthful answer on that subject. She was
unable to pay the entire claim. It was not long past due, and
there may have been very good reasons for using what money
she then had in payment of her home creditors. That was
her business.

She was perhaps annoyed by his persistence, and made a
reply which was not literally true, though in the sense that
she was unable to pay him, it was substantially true. The
denial, whether true or false, did not injure the creditor, and
the whole act falls far short of the statute. We think the
court properly found the issue for the defendant as to this
branch of the case.

It is not necessary to hold whether money is property within the meaning of the statute, or whether the concealment of money may not, under some circumstances, furnish ground for attachment. We hold merely that the facts of this case are not sufficient.

The proposition of law tendered by the plaintiffs, which in substance justified and required a finding for plaintiffs on the facts stated, was properly refused.

The case of Powell v. Matthews, 10 Mo. 49, referred to by appellants, and which is cited in Drake on Attachment, is not in point. There the defendant was under obligation by the arrangement with his creditors, to make weekly accounts of sales and turn over the proceeds, but he had sold a considerable quantity for cash and made no return of the proceeds.

This was held a fraudulent concealment within the meaning of the Missouri statute. It is very unlike the case at bar.

We find no error in the record and the judgment will be affirmed.

*Judgment affirmed.*